J-S52031-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| STEVEN COHN, SUCCESSOR IN INTEREST TO WELLS FARGO BANK, N.A. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MARC DUBROVSKY | |
| Appellant | No. 3473 EDA 2013 |

Appeal from the Order Entered November 13, 2013
In the Court of Common Pleas of Wayne County
Civil Division at No(s): 673-Civil-2010

BEFORE:  GANTMAN, P.J., ALLEN, J., and FITZGERALD, J.*

MEMORANDUM BY GANTMAN, P.J.:          **FILED SEPTEMBER 11, 2014**

Appellant, Marc Dubrovsky, appeals from the order entered in the Wayne County Court of Common Pleas, denying his petition to set aside sheriff's sale.  We affirm.

The relevant facts and procedural history of this appeal are as follows. On August 9, 2010, Wells Fargo Bank, N.A. ("Bank") filed a complaint in mortgage foreclosure against Appellant.  Appellant did not respond to the complaint.  On December 30, 2010, Bank filed a *praecipe* for *in rem* judgment.  That same day, the court entered judgment against Appellant. Bank filed a *praecipe* for a writ of execution on February 23, 2011.

On March 23, 2011, Bank assigned Appellant's mortgage to Appellee, Steven Cohn and recorded the assignment on October 4, 2011.  Also on

_____

*Former Justice specially assigned to the Superior Court.

October 4, 2011, Bank filed a *praecipe* for the voluntary substitution of Appellee as plaintiff. That same day, Bank filed a *praecipe* to mark its judgment against Appellant to the use of Appellee. On October 5, 2011, Appellee purchased the property at the sheriff's sale. After the sale, title vested in Appellee by virtue of a sheriff's deed recorded on November 8, 2011. On December 23, 2011, Appellee filed a petition to correct the sheriff's deed, pursuant to Pa.R.C.P. 3135(b).[1] In the petition, Appellee explained the legal description in the deed did not include the correct metes and bounds description of the property. Appellee's petition also included a letter of consent from Appellant's counsel. On February 15, 2012, the court permitted Appellee to prepare and execute an amended deed.

On April 20, 2012, Appellant filed a petition to set aside sheriff's sale, asserting that the sale was "irregular and conducted without proper authority…." (Petition to Set Aside Sheriff's Sale, filed 4/20/12, at 2; R.R. 82a). Specifically, Appellant argued Appellee was not a real party in interest:

> On March 23, 2011, [Bank] assigned the underlying mortgage to [Appellee]. [Bank] never assigned the December 30, 2010 judgment. Based solely upon the

---

[1] "If the sheriff has made a defective return of the execution proceeding or has executed a defective deed, including the erroneous description of the real estate, the court upon petition of the purchaser or the purchaser's successors in title may correct the return or deed or order that a new return or deed be executed." Pa.R.C.P. 3135(b).

assignment of a mortgage that had been extinguished by merger [Appellee] substituted himself as a plaintiff in the action. This substitution was invalid, because without assignment of the judgment he obtained no interest in the action itself.

*Id.* Appellant also claimed Bank had assigned its interest in the mortgage to an entity other than Appellee:

[A]round March 2011 or April 2011, [Bank] transferred or otherwise assigned the mortgage and/or note underlying said mortgage to PennyMac Loan Services, LLC [("PennyMac")]. As a result of said assignment or transfer, [Bank] had no interest in the underlying mortgage at the time it pursued and directed execution proceedings in this matter. Consequently, [Bank] was not a "Real Party in Interest" as required by [Pa.R.C.P.] 2004 and it had no right or authority to proceed to sheriff's sale.

(*Id.* at 2-3; R.R. at 82a-83a). Ultimately, the court conducted a hearing on October 25, 2013. By order dated November 13, 2013, the court denied Appellant's petition to set aside sheriff's sale.

Appellant timely filed a notice of appeal on December 10, 2013. On December 23, 2013, the court ordered Appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b). Appellant timely filed a Rule 1925(b) statement on January 10, 2014.

Appellant now raises three issues for our review:

WHETHER THE TRIAL COURT ABUSED ITS DISCRETION AND MISAPPLIED LAW WHEN IT FOUND THAT [APPELLEE] WAS THE ASSIGNEE OF [BANK'S] INTEREST IN THE MORTGAGE AND JUDGMENT DESPITE THE FACT THAT THE ONLY EVIDENCE OF RECORD ESTABLISHED THAT [BANK] HAD PREVIOUSLY ASSIGNED ITS INTEREST TO PENNYMAC?

WHETHER THE TRIAL COURT ABUSED ITS DISCRETION AND MISAPPLIED LAW WHEN IT FOUND THAT [APPELLEE] WAS A REAL PARTY IN INTEREST AS THE RESULT OF THE PURPORTED ASSIGNMENT FROM [BANK]?

WHETHER THE TRIAL COURT ABUSED ITS DISCRETION AND MISAPPLIED LAW IN CONCLUDING THAT THERE WAS NEITHER A LACK OF AUTHORITY NOR FRAUD SUFFICIENT TO SET ASIDE THE SHERIFF'S SALE WHEN [APPELLEE] SUBSTITUTED HIMSELF INTO THIS LITIGATION BY RECORDING AN IMPROPER ASSIGNMENT WHICH MISREPRESENTS THE TRUE CHAIN OF ASSIGNMENTS AND FAILS TO DISCLOSE THAT OTHER NON-PARTY ENTITIES HAVE BEEN DOCUMENTED ASSIGNEES OF [BANK] SINCE MARCH 2011?

(Appellant's Brief at 6).

On appeal, Appellant contends Bank assigned its interest in Appellant's mortgage to PennyMac in March 2011, **before** Bank purportedly assigned its interest to Appellee. Appellant asserts Bank's assignment to PennyMac divested Bank of any interest in the mortgage, and Bank's subsequent assignment to Appellee was invalid. Appellant also avers there is no evidence that Bank assigned the December 30, 2010 judgment to Appellee. Appellant maintains Appellee improperly substituted himself as Bank's successor in interest. Further, Appellant argues Appellee misrepresented the chain of assignments for the mortgage, and the record does not support the trial court's finding that Appellee is a real party in interest. Appellant insists the sheriff lacked authority to sell the property, because the case proceeded without a real party in interest following Bank's assignment to PennyMac. Appellant concludes this Court must reverse the order denying the petition

to set aside sheriff's sale.  We disagree.

"The purpose of a sheriff's sale in mortgage foreclosure proceedings is to realize out of the land, the debt, interest, and costs which are due, or have accrued to, the judgment creditor."  *GMAC Mortg. Corp. of PA v. Buchanan*, 929 A.2d 1164, 1167 (Pa.Super. 2007) (quoting *Kaib v. Smith*, 684 A.2d 630, 632 (Pa.Super. 1996)).

> A petition to set aside a sheriff's sale is grounded in equitable principles and is addressed to the sound discretion of the hearing court.  The burden of proving circumstances warranting the exercise of the court's equitable powers rests on the petitioner….  When reviewing a trial court's ruling on a petition to set aside a sheriff's sale, we recognize that the court's ruling is a discretionary one, and it will not be reversed on appeal unless there is a clear abuse of that discretion.

*Buchanan, supra* at 1167 (internal citations omitted).

Our rules of civil procedure govern the setting aside of sheriff's sales as follows:

> **Rule 3132.  Setting Aside Sale**
>
> Upon petition of any party in interest before delivery of the personal property or of the sheriff's deed to real property, the court may, upon proper cause shown, set aside the sale and order a resale or enter any other order which may be just and proper under the circumstances.

Pa.R.C.P. 3132.  "[A] petition to set aside a sheriff's sale may only be granted when the petition is filed before the sheriff's delivery of the deed." *Mortgage Electronic Registration Systems, Inc. v. Ralich*, 982 A.2d 77, 79 (Pa.Super. 2009), *appeal denied*, 606 Pa. 650, 992 A.2d 889 (2010)

(quoting *First Union Nat. Bank v. Estate of Shevlin*, 897 A.2d 1241, 1246 (Pa.Super. 2006)).

Rule 3135 governs the execution of a deed following a sheriff's sale:

> **Rule 3135. Sheriff's Deed to Real Property. Correction of Deed**
>
> (a) When real property is sold in execution and no petition to set aside the sale has been filed, the sheriff, at the expiration of twenty days but no later than 40 days after either the filing of the schedule of distribution or the execution sale if no schedule of distribution need be filed, shall execute and acknowledge before the prothonotary a deed to the property sold. The sheriff shall forthwith deliver the deed to the appropriate officers for recording and for registry if required. Confirmation of the sale by the court shall not be required.

Pa.R.C.P. 3135(a). "Taken together, Rule 3132 and 3135(a) make clear a party must raise a challenge to a sheriff's sale within a period of time after the sale, but before the deed is delivered." *Ralich, supra* at 80. "There is an exception to this time bar, however. A sheriff's sale may be set aside after delivery of the sheriff's deed based on fraud or lack of authority to make the sale." *Id.*

Additionally, "[A]ll actions shall be prosecuted by and in the name of the real party in interest…." Pa.R.C.P. 2002(a). "[A] real party in interest is a '[p]erson who will be entitled to benefits of action if successful…. [A] party is a real party in interest if it has the legal right under the applicable substantive law to enforce the claim in question." *US Bank N.A. v. Mallory*, 982 A.2d 986, 994 (Pa.Super. 2009) (quoting *Cole v. Boyd*, 719

A.2d 311, 312–13 (Pa.Super. 1998)). A "successor" is defined as "anyone who by operation of law, election or appointment has succeeded to the interest or office of a party to an action." Pa.R.C.P. 2351. "The successor may become a party to a pending action by filing of record a statement of the material facts on which the right to substitution is based." Pa.R.C.P. 2352(a).

Instantly, Bank filed its complaint in mortgage foreclosure on August 9, 2010. On December 30, 2010, Bank obtained an *in rem* judgment in foreclosure against Appellant. On March 23, 2011, Bank assigned Appellant's mortgage to Appellee. Appellee recorded the assignment on October 4, 2011. Also on October 4, 2011, Bank filed a *praecipe* to substitute Appellee as the successor plaintiff,[2] as well as a *praecipe* to mark its judgment against Appellant to the use of Appellee. Appellee purchased the property at the sheriff's sale on October 5, 2011, and the sheriff's deed was recorded on November 8, 2011.

Appellant subsequently filed a petition to set aside sheriff's sale. At the October 25, 2013 hearing on the petition, Appellant submitted multiple documents in an attempt to prove that Bank had assigned its interest in Appellant's mortgage to PennyMac before Bank assigned its interest to

---

[2] The *praecipe* for voluntary substitution states, "[Appellee] is the current holder of the mortgage by virtue of that certain Assignment of Mortgage, which Assignment has been executed and sent for recording in Wayne County on or about 09/30/11." (*See Praecipe*, filed 10/4/11, at 1.)

Appellee. Significantly, Appellant's exhibits did not reveal when the purported assignment from Bank to PennyMac had occurred. The documents included an assignment of mortgage form, which Appellant claimed Bank "delivered" to PennyMac in 2011. (**See** Appellant's Exhibit 1, submitted 10/25/13, at 4; R.R. at 102a.) The incomplete, unrecorded form did not list an assignee. (**Id.** at Attachment 1; R.R. at 106a).

Regarding the involvement of PennyMac, Appellee conceded that Bank had assigned its interest in the mortgage to PennyMac at some point. (**See** Appellant's Exhibit 2, submitted 10/25/13, at 3; R.R. at 133a.) Nevertheless, Appellee maintained Bank's inadvertent assignment to PennyMac occurred after Bank's assignment to Appellee. (**See** N.T. Hearing, 10/25/13, at 7; R.R. at 95a.)

In support of his assertions, Appellee's exhibits included the assignment of mortgage form he executed with Bank. (**See** Appellee's Exhibit 3, submitted 10/25/13, at 1.)[3] The form confirmed that the parties executed the assignment on March 23, 2011, and Appellee recorded the assignment on October 4, 2011. Moreover, Appellee presented another assignment of mortgage form, indicating PennyMac assigned any interest it had in the mortgage to Appellee in August 2011. (**See** Appellee's Exhibit 4, submitted 10/25/13, at 1.)

---

[3] Appellee's exhibits do not appear in the reproduced record.

Based upon the foregoing, Appellant's evidence did not establish that Bank had assigned its interest in Appellant's mortgage to PennyMac before Bank assigned its interest to Appellee. In any event, the record shows Bank was the original real party in interest, and Appellee properly acted as its successor to the pending action. ***See Mallory, supra***; Pa.R.C.P. 2352(a). Therefore, Appellant failed to excuse the untimely filing of his petition to set aside sheriff's sale. ***See Ralich, supra***. Absent more, the court correctly denied Appellant's set-aside petition. ***See Buchanan, supra***. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/11/2014