J-S54018-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| EVERBANK F/K/A EVERHOME MORTGAGE F/K/A ALLIANCE MORTGAGE COMPANY | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| FRANCES A. MCKNIGHT | |
| Appellant | No. 3131 EDA 2014 |

Appeal from the Order Entered October 6, 2014
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 1209-00491

BEFORE:  BOWES, J., PANELLA, J., and FITZGERALD, J.[*]

MEMORANDUM BY PANELLA, J.          **FILED OCTOBER 14, 2015**

Appellant, Frances A. McKnight, appeals from the order entered by the Honorable Nina N. Wright Padilla, Court of Common Pleas of Philadelphia County, which denied McKnight's Motion to Set Aside Sheriff's Sale of her foreclosed property.  We affirm.

Appellee, EverBank,[1] filed a complaint in mortgage foreclosure on September 5, 2012.  On June 19, 2013, the trial court entered default judgment against McKnight due to her failure to file an answer to the complaint.  On February 24, 2014, McKnight filed a Petition to Postpone

---

[*] Former Justice specially assigned to the Superior Court.

[1] On August 26, 1994, McKnight mortgaged the subject property to Columbia National, Inc. ("Columbia") and concurrently executed a promissory note in favor of Columbia.  Columbia subsequently assigned the mortgage to Alliance Mortgage Co., which later became EverBank, f/k/a EverHome Mortgage Company due to an entity name change.

Sheriff's Sale. The trial court denied McKnight's petition after she failed to appear at the hearing. McKnight filed a second Petition to Postpone Sheriff's Sale on March 27, 2014. The trial court denied McKnight's second petition.

On April 1, 2014, McKnight's property was sold at a sheriff's sale. McKnight filed a Motion to Set Aside Sheriff's Sale, the subject of the instant appeal, on August 14, 2014. McKnight admitted that she filed this motion after the sheriff's deed to the property was recorded. **See** McKnight's Motion to Set Aside Sheriff's Sale, 8/14/14, at ¶ 5. On September 29, 2014, the trial court ruled that McKnight's Motion to Set Aside Sheriff's Sale was untimely pursuant to Rule 3132 of the Pennsylvania Rules of Civil Procedure. In addition, the trial court determined that McKnight's allegations of fraud and lack of authority were not pled with particularity. Accordingly, the trial court dismissed McKnight's motion. This timely appeal followed.

On appeal, McKnight argues that the trial court erred in denying her Motion to Set Aside Sheriff's Sale on the grounds of fraud and lack of authority. We review the denial of a motion to set aside a sheriff's sale for an abuse of discretion. **See Irwin Union National Bank and Trust Co. v. Famous**, 4 A.3d 1099, 1102 (Pa. Super. 2010). "[T]he relevant inquiry is whether proper cause has been shown to set aside the sheriff's sale." **Id**. (citation omitted). The burden of establishing proper cause lies with the petitioner. **See id**. "Sheriff's sales have been set aside where the validity of the sale proceedings is challenged, a deficiency pertaining to the notice of

the sale exists, or where misconduct occurs in the bidding process." *Id.* (citation omitted).

"[A] petition to set aside a sheriff's sale may only be granted when the petition is filed before the sheriff's delivery of the deed." *Mortgage Electro. Registration Systems, Inc. v. Ralich*, 982 A.2d 77, 79 (Pa. Super. 2009) (citation omitted). There is, however, an exception to the time bar. *See id*. Under this exception, a trial court may set aside a sheriff's sale after delivery of the sheriff's deed based upon fraud or lack of authority to make the sale. *See id*. Averments of fraud or mistake must be averred with particularity. *See* Pa.R.C.P. 1019(b).

In the instant case, McKnight failed to file her Motion to Set Aside Sheriff's Sale before the sheriff's deed was recorded. Therefore, McKnight's motion was untimely. Thus, in order to overcome the time bar, McKnight must have pled her allegations of fraud and lack of authority with particularity.

In McKnight's motion, she alleged that EverBank committed fraud or did not have the authority to make the sale; however, she failed to plead either averment with particularity. Instead, McKnight merely presented bare accusations that EverBank did not have a pre-judgment negotiated note or mortgage record assigned through the chain of loan title. In addition, McKnight alleged that fraud took place in the transaction of the sheriff's sale because the proceeds of her late husband's mortgage life insurance should

have paid off the subject mortgage debt. McKnight failed to provide a single piece of evidence to support this assertion. *See* Pa.R.C.P. 1019(h-i).

Accordingly, we find that the trial court properly denied McKnight's untimely motion to set aside and did not abuse its discretion. In order to overcome the time bar, McKnight was required to plead fraud or lack of authority with particularity, not merely allege fraud or lack of authority generally, and we agree with the trial court that McKnight failed to do so.[2] In addition, it is clear from the record that EverBank was the pre-judgment holder of the subject promissory note and mortgage.[3] Thus, EverBank acted with authority to commence the sale of the property. Because McKnight's Motion to Set Aside Sheriff's Sale was not timely filed, and its untimeliness was not excused by an exception, we affirm the trial court's ruling.

Order affirmed.

---

[2] McKnight raised several other issues on appeal unrelated to her allegations of fraud and lack of authority. We need not discuss these issues, however, because McKnight's Motion to Set Aside Sheriff's Sale was untimely and no exception to the time bar applies. Thus, these issues are moot.

[3] According to EverBank's Complaint, the promissory note and mortgage were assigned to Alliance Mortgage Company, now EverBank, and recorded with the Philadelphia Recorder of Deeds on February 28, 2003. *See* EverBank Complaint, filed September 5, 2012, at ¶ 1(d). Because McKnight failed to file an answer to EverBank's Complaint, these averments constitute admissions. *See* P.R.C.P. 1029(b).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/14/2015</u>