**MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., as Nominee for American Home Mortgage Acceptance, Inc., d/b/a American Home Mortgage Servicing, Inc., Appellee**

v.

**Kenneth L. RALICH and Karen R. Ralich, Appellants.**

Superior Court of Pennsylvania.

Submitted April 27, 2009.
Filed Aug. 25, 2009.
Reargument Denied Oct. 27, 2009.

Kenneth L.and Karen Ralich, Appellants, Pro Se.

Joseph A. Fidler, Pittsburgh, for appellee.

BEFORE: DONOHUE, CLELAND and KELLY, JJ.

OPINION BY CLELAND, J.:

¶ 1 Appellants, Kenneth and Karen Ralich (the Ralichs), appeal from the Order of the Court of Common Pleas of Allegheny County granting the Motion to Strike the Ralichs' Petition to Set Aside Sheriff's Sale and Motion to Dismiss Foreclosure Proceedings. Because the Ralichs' Petition was not timely filed pursuant to Pa.R.C.P. 3132 and 3135(a), and its untimeliness was not excused by an exception, we affirm.

¶ 2 The record establishes the following facts and procedural history: On November 23, 2004, the Ralichs granted a mortgage (the Mortgage) on their primary residence in Allegheny County to American Home Mortgage Acceptance, Inc. (Lender) as security for payment of an adjustable-rate note granted to Lender. In the Mortgage, Mortgage Electronic Registration Systems, Inc. (MERS) was named as Nominee for Lender.

¶ 3 On December 22, 2006, "Mortgage Electronic Registration Systems, Inc., as Nominee for American Home Mortgage, Inc., d/b/a American Home Mortgage Servicing, Inc." (Appellee) filed a Complaint in Mortgage Foreclosure against the Ralichs to foreclose upon the residence.

¶ 4 On February 6, 2007, a default judgment was entered in favor of Appellee. On February 7, 2007, Appellee filed a writ of execution.

¶ 5 On May 1, 2007, the Ralichs filed for Chapter 11 Bankruptcy in the Bankruptcy Court for the Western District of Pennsylvania. On August 28, 2007, Appellee filed an Affidavit of Stay because the Ralichs remained in bankruptcy. On September 7, 2007, the writ was stayed. On November

30, 2007, Appellee filed a second writ of execution.

¶ 6 After one continuance on February 4, 2008, the sheriff's sale took place on April 7, 2008. At the sheriff's sale, the Mortgage was purchased by Parkvale Bank, a junior lienholder, for $720,000. A sheriff's deed to Parkvale Bank was acknowledged on April 21, 2008, and recorded June 19, 2008.

¶ 7 During the foreclosure process, the Mortgage was transferred two times. First, it was assigned from Lender to American Home Mortgage Servicing, Inc. (Assignee). Then the Mortgage and note (collectively, the Interest) were transferred from Assignee to AH Mortgage Acquisition Co. Inc. (Purchaser) pursuant to Assignee's Chapter 11 bankruptcy.

¶ 8 On July 14, 2008, the Ralichs filed a combined Petition to Set Aside Sheriff's Sale and Motion to Dismiss Foreclosure Proceedings (Petition). On the same day, Appellee filed a Motion to Strike the Petition, arguing it was untimely.

¶ 9 The parties appeared before the trial court. The judge determined the sole issue was whether Purchaser had the authority to complete the sheriff's sale of the property, even though the Interest had been transferred during the pendency of the Ralichs' Chapter 11 bankruptcy proceedings. The trial judge directed them to argue this matter before the court on August 7, 2008.

¶ 10 On August 7, 2008, the parties returned to court and the trial judge entered an order striking the Ralichs' Petition as untimely under Pa.R.C.P. 3132 and

3135(a). On August 11, 2008, the Ralichs appealed.[1]

¶ 11 On September 7, 2008, the Ralichs filed an Application for Reconsideration of the August 7, 2008 order. On September 17, 2008, the trial court denied the Ralichs' Application for Reconsideration. The Ralichs did not appeal this order.[2]

¶ 12 The trial judge struck the Ralichs' Petition as untimely because delivery of a sheriff's deed divests the court of the authority to set aside a sheriff's sale. *See Home Owners' Loan Corp. v. Edwards,* 329 Pa. 529, 198 A. 123 (1938).

¶ 13 Pennsylvania Rule of Civil Procedure 3132 provides:

> Upon petition of any party in interest **before** delivery of the personal property or of the sheriff's deed to real property, the court may, upon proper cause shown, set aside the sale and order a resale or enter any other order which may be just and proper under the circumstances.

Pa.R.C.P. 3132 (emphasis added).

¶ 14 "[A] petition to set aside a sheriff's sale may only be granted when the petition is filed before the sheriff's delivery of the deed." *First Union Nat. Bank v. Estate of Shevlin,* 897 A.2d 1241, 1246 (Pa.Super.2006) (quoting *Deutsche Bank Nat'l Co. v. Butler,* 868 A.2d 574, 578 (Pa.Super.2005)).

¶ 15 Pennsylvania Rule of Civil Procedure 3135 provides:

> When real property is sold in execution and no petition to set aside the sale has been filed, the sheriff, at the expiration of twenty days after either the filing of the schedule of distribution or the execu-

---

1. Both the Ralichs and the trial court complied with Pa.R.A.P.1925.

2. While the Ralichs include the September 17, 2008 order in the "Order or Determina-

tion in Question" section of their brief, they did not appeal from that order. Accordingly, we will not address it.

tion sale if no schedule of distribution need be filed, shall execute and acknowledge before the prothonotary a deed to the property sold. The sheriff shall forthwith deliver the deed to the appropriate officers for recording and for registry if required. Confirmation of the sale by the court shall not be required. Pa.R.C.P. 3135(a).

¶ 16 Rule 3135 makes it clear that a party has 20 days to take exceptions before the sheriff executes a sheriff's deed. *See Concord–Liberty Sav. and Loan Ass'n v. NTC Properties, Inc.,* 454 Pa. 472, 475, 312 A.2d 4, 5 (1973) (holding, before a 2005 amendment extended the time period in Rule 3135 from ten to twenty days, "a party dissatisfied with a sheriff's sale has ten days ... to take exceptions to the sheriff's execution of a sheriff's deed.").

■■■ ¶ 17 Taken together, Rule 3132 and 3135(a) make clear a party must raise a challenge to a sheriff's sale within a period of time after the sale, but before the deed is delivered. In this case, the Ralichs did not file their Petition until July 14, 2008, approximately three months after the April 7, 2008 sheriff's sale and the April 21, 2008 acknowledgement of the deed, and more than three weeks after the deed was recorded. As such, it was untimely.

■■ ¶ 18 There is an exception to this time bar, however. A sheriff's sale may be set aside after delivery of the sheriff's deed based on fraud or lack of authority to make the sale. *See Knox v. Noggle,* 328 Pa. 302, 196 A. 18 (1938); *Workingmen's Sav. and Loan Ass'n of Dellwood Corp. v. Kestner,* 438 Pa.Super. 186, 652 A.2d 327 (1994).

■■ ¶ 19 In their Petition, the Ralichs assert various procedural irregularities plagued the sale. They argue there is no evidence of a public sale because the dock-et does not contain a record of it, the notice of the sheriff's sale initially scheduled for February 4, 2008 was untimely, and they were not served with notice of the April 7, 2008 sheriff's sale. The trial court correctly found it could not set aside the sale based on allegations of procedural deficiencies. Since the Ralichs' petition was untimely, the trial court could only set aside the sale for fraud or lack of authority.

■■ ¶ 20 In their Petition, the Ralichs alleged fraud by alleging Lender had its lending license revoked because of its lending practices and this revocation could "position the [Ralichs] to properly defend the foreclosure action." Petition at 5. They also alleged Lender colluded with Parkvale Bank and improprieties existed in the loan process and in the Lender's marketing and lending practices.

¶ 21 Pennsylvania Rule of Civil Procedure 1019(a) provides "Averments of fraud ... must be averred with particularity." Pa.R.C.P. 1019(b). The trial court, however, found the Petition failed to "identify a single irregularity in the financing provided by [Lender] to Ralich. Nor does the [P]etition cite any specific defense that might have been available to [the] Ralich[s] in the foreclosure proceeding." Trial Court Opinion, 10/24/08, at 3–4. As the trial court correctly noted, "mere insinuation of improprieties and vague assertions of conspiratorial efforts worked upon the Sheriff's Office are insufficient to support court intervention post-delivery." *Id.* at 3.

■■ ¶ 22 Regarding the other exception to the time bar, a lack of authority to make the sale, the Ralichs allege MERS lacked the authority to complete the sheriff's sale. In this case, the Interest was transferred from Appellee to Assignee. The Interest was then transferred through bankruptcy from Assignee to Purchaser.

¶ 23 The Mortgage provides at ¶ C that MERS is the mortgagee and is acting "as a nominee for Lender **and Lender's successors and assigns.**" Mortgage at 1 (emphasis added).

¶ 24 The Mortgage also provides:

Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, **the right to foreclose and sell the Property;** and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

*Id.* at 3 (emphasis added).

¶ 25 As the trial court correctly found, the Mortgage vests MERS with the authority, as nominee, to enforce the loan. The trial court noted, "[the] Ralich[s'] insistence that the sheriff's sale and deed must be set aside for want of authority is directly at odds with the explicit acknowledgement by [the] Ralich[s] at the time of refinancing that MERS would have precisely the authority [the] Ralichs[s] now contest[ ]." Opinion at 6. Therefore, the Ralichs' argument MERS lacked the authority to complete the sheriff's sale is without merit.

¶ 26 Order affirmed.