J-S34003-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| MARJER, INC. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| KIMBERLY POPLAWSKI, DECISION ONE MORTGAGE COMPANY, LLC, MERS, THEIR HEIRS, EXECUTORS, ADMINISTRATORS, ASSIGN AND ALL PERSONS CLAIMING ANY RIGHT, TITLE, AND INTEREST IN THE LAND DESCRIBED AS 624 BOULEVARD AVENUE, DICKINSON CITY, PENNSYLVANIA, LACKAWANNA COUNTY PIN 12408 040 049 | |
| Appellee | No. 1591 MDA 2015 |

Appeal from the Order Entered August 13, 2015
In the Court of Common Pleas of Lackawanna County
Civil Division at No(s): 2011-05082

BEFORE:  PANELLA, J., STABILE, J., and JENKINS, J.

MEMORANDUM BY PANELLA, J.                    **FILED JUNE 06, 2016**

Appellant, Marjer, Inc., appeals from the order entered August 13, 2015, granting the motion for summary judgment filed by Appellee, Mortgage Registration Systems, Inc. ("MERS")[1] and denying Appellant's cross-motion for summary judgment. On appeal, Appellant argues that the

---

[1] MERS aims to facilitate "by streamlining, successive interbank sales of mortgages." **Union County, Ill**. **v. MERSCORP, Inc.**, 735 F.3d 730, 732 (7th Cir. 2013).

trial court's determination that MERS has standing to defend the underlying action to quiet title was in error. For the following reasons, we affirm.

The trial court summarized the facts and procedural history of this case as follows.

> On May 13, 2004, Defendant Kimberly Poplawski executed a mortgage ("the mortgage") with Decision One Mortgage Company, LLC, with MERS acting as Nominee, on real property located at 624 Boulevard Avenue, Dickinson City, Pennsylvania ("the Property"). The Mortgage was properly recorded in the Lackawanna County Recorder of Deeds Office in Book 1233, Page 520. MERS is listed as the mortgagee in the terms of the mortgage.
>
> About seven (7) years later, on August 10, 2011, [Appellant] purchased the Property from Ms. Poplawski. Shortly thereafter, (about eight days later) on August 18, 2011, [Appellant] filed the instant action seeking to quiet title to the Property, alleging that the deed for the property, now in possession of [Appellant], divested any claims MERS or any Defendant had in the Property. On October 31, 2011, MERS answered Plaintiff's complaint. However, default judgments were entered on November 4, 2011 against Decision One Mortgage Company, LLC and Ms. Poplawski.
>
> MERS requested discovery of [Appellant], seeking information regarding the basis of their quiet title claim. [Appellant] produced no discovery that the mortgage executed on the property with Decision One Mortgage with MERS as the nominee had been satisfied at the time [Appellant] filed the quiet title action. Therefore, MERS filed a Motion for Summary Judgment on October 9, 2012.
>
> [Appellant] filed a Response to MERS['] Motion and also filed a Cross-Motion for Summary Judgment on November 21, 2012. After hearing oral argument on the dueling motions, [the trial court] granted MERS' Motion for Summary Judgment by [c]ourt [o]rder dated March 6, 2013.
>
> Plaintiff appealed [the trial court's] decision to the Superior Court of Pennsylvania. By Opinion and Order dated December 23, 2013, the Superior Court remanded this matter to the

Lackawanna County Court of Common Pleas, [with instructions] to consider MERS' standing and authority to proceed in this matter before disposing of the Motions for Summary Judgment. By [c]ourt [o]rder dated October 21, 2014, [the trial court] ordered that the Parties were to submit supplemental briefs regarding the aforementioned issues. …

Trial Court Opinion, 8/13/15 at 1-3. By order entered August 13, 2015, the trial court determined that MERS did have standing to defend the quiet title action and granted MERS' motion for summary judgment. This timely appeal followed.

Appellant raises the following issue for our review.

Did the trial court commit an error of law and abuse its discretion in granting the Appellee, MERS['] Motion for Summary Judgment when MERS lacks standing to pursue defend [sic] the instant action?

Appellant's Brief at 3.

We review a decision granting summary judgment according to the following standard.

A reviewing court may disturb the order of the trial court only where it is established that the court committed an error of law or abused its discretion. As with all questions of law, our review is plenary.

In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. Pa.R.C.P. 1035.2. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. Where the non-moving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a nonmoving party to adduce sufficient evidence on an issue essential to his case and on which it bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law. Lastly, we will view the record in the light most

- 3 -

favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

***JP Morgan Chase Bank, N.A. v. Murray***, 63 A.3d 1258, 1261-62 (Pa. Super. 2013) (citation omitted).

Preliminarily, we are obliged to note the peculiarity of Appellant's argument. Appellant contends that MERS has no standing to defend or otherwise proceed in the quiet title action, despite the fact that Appellant in its complaint named MERS as a defendant to that action. Appellant completely ignores this obvious conundrum. Even more perplexing, Appellant fails to advance a focused argument against MERS' standing in this action,[2] but rather focuses solely on MERS' authority to assign the underlying mortgage. The relevance of this issue to MERS' standing to defend against the quiet title action is lost on this Court. Nonetheless, we observe that in ***Bank of America, N.A. v. Gibson***, 102 A.3d 462, 465-466 (Pa. Super. 2014), ***appeal denied***, 112 A.3d 648 (Pa. 2015), this Court expressly held that MERS, as holder of legal title to the interests granted by the mortgagor in the mortgage, clearly has the authority to assign the mortgage.

_____

[2] Appellant's brief, in its entirety, contains not so much as a passing reference to this Commonwealth's case law underlying the legal concept standing.

In essence, Appellant has created a manufactured controversy by claiming that a named defendant to a lawsuit has no power to defend its interest therein. This argument is patently baseless. As the trial court correctly noted, the mortgage states that MERS is the mortgagee and is acting "as a nominee *for Lender and Lender's successors and assigns*." Mortgage at 1 ¶C. (emphasis added). The mortgage further provides that "if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: *to exercise any or all of those interests,* including but not limited to, the right to foreclose and sell the property; *and to take any action required of Lender* including, but not limited to, releasing and canceling this Security Instrument." ***Id***. at 3 (emphasis added).

In ***Mortgage Elec. Registrations Systems, Inc. v. Ralich***, 982 A.2d 77, 81 (Pa. Super. 2009), a panel of this Court, construing a mortgage with language identical to the mortgage in this case, held the mortgage vests MERS with the authority to enforce the loan. This authority clearly encompasses MERS' ability to defend its interests in the quiet title action. Appellant's argument to the contrary, such that it is, is clearly without merit.[3]

_____

[3] Appellant correctly notes that the trial court's citation to this Court's memorandum decision in ***Deutsche Bank Trust Co. v. Kravitz***, 1911 EDA 2013 (Pa. Super., filed July 2, 2014) (unpublished memorandum), was in error. Citing our memorandum decisions is prohibited by Superior Court
*(Footnote Continued Next Page)*

Appellant's brief focuses solely on the trial court's determination of MERS' standing and therefore fails to address the court's August 13, 2015 order to the extent that it entered summary judgment in favor of MERS in the quiet title action. Nonetheless, we note that we agree with the reasoning the trial court advanced in its August 13, 2015 opinion supporting this decision. We therefore affirm the trial court's order granting summary judgment in MERS' favor on that basis. *See* Trial Court Opinion, 8/13/15 at 6-8.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/6/2016

*(Footnote Continued)* ─────────────

Internal Operating Procedure § 65.37(A): "An unpublished memorandum decision shall not be relied upon or cited by a Court or a party in any other action or proceeding...." 210 Pa.Code § 65.37. (There are exceptions provided in § 65.37(A) that are not pertinent here.)

| MARJER, INC. | : IN THE COURT OF COMMON |
| | : PLEAS OF |
| Plaintiff | : LACKAWANNA COUNTY |
| V | : |
| | : |
| | : CIVIL ACTION-LAW |
| | QUIET TITLE ACTION |
| | : |
| KIMBERLY POPLAWSKI, | |
| DECISION ONE MORTGAGE | |
| COMPANY, LLC, | |
| MERS, | |
| Their heirs, executors, administrators, | |
| Assigns and all persons claiming any | |
| Right, title and interest in the land | |
| Described as 624 Boulevard Avenue, | |
| Dickson City, PA, | |
| Lackawanna County, PIN | |
| 12408 040 049 | : |
| | : 2011 CV 5082 |
| Defendants | : |

## OPINION

**SAXTON, S.J.**

## I. INTRODUCTION

The following Opinion addresses this Court's holding regarding the standing and the authority to proceed of Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Decision One Mortgage Company, LLC in the above captioned quiet title action.

## II. FACTUAL/PROCEDURAL HISTORY

On May 13, 2004, Defendant Kimberly Poplawski executed a mortgage ("the Mortgage") with Decision One Mortgage Company, LLC, with MERS acting as Nominee, on real property located at 624 Boulevard Avenue, Dickson City, Pennsylvania ("the Property"). The Mortgage was

1

properly recorded in the Lackawanna County Recorder of Deeds Office in Book 1233, Page 520. MERS is listed as the mortgagee in the terms of the mortgage.

About seven (7) years later, on August 10, 2011, Plaintiff, Marjer, Inc. ("Marjer" or "Plaintiff") purchased the Property from Ms. Poplawski. Shortly thereafter, (about eight days later) on August 18, 2011, Plaintiff filed the instant action seeking quiet title to the Property, alleging that the deed for the property, now in possession of Plaintiff, divested any claims MERS or any Defendant had in the Property. On October 31, 2011, MERS answered Plaintiff's complaint. However, default judgments were entered on November 4, 2011 against Decision One Mortgage Company, LLC and Ms. Poplawski.

MERS requested discovery of Plaintiff, seeking information regarding the basis of their quiet title claim. Plaintiff produced no discovery that the mortgage executed on the property with Decision One Mortgage with MERS as the nominee had been satisfied at the time Plaintiff filed the quiet title action. Therefore, MERS filed a Motion for Summary Judgment on October 9, 2012.

Plaintiff filed a Response to MERS Motion and also filed a Cross-Motion for Summary Judgment on November 21, 2012. After hearing oral argument on the dueling motions, this Court granted MERS' Motion for Summary Judgment by Court Order and Opinion dated March 6, 2013.

Plaintiff appealed this Court's decision to the Superior Court of Pennsylvania. By Opinion and Order dated December 23, 2013, the Superior

2

Court remanded this matter to the Lackawanna County Court of Common Pleas, ordering this Court to consider MERS' standing and authority to proceed in this matter before disposing of the Motions for Summary Judgment. By Court Order dated October 21, 2014, this Court ordered that the Parties were to submit supplemental briefs regarding the afore mentioned issues. By agreement of the Parties, the Parties' relied on their briefs for this Court's decision.

## III. DISCUSSION

### A. MERS has Standing to Proceed in this Quiet Title Action

"A party seeking judicial resolution of a controversy in this Commonwealth must, as a prerequisite, establish that he has standing to maintain the action." Bergdoll v. Kane, 731 A.2d 1261, 1268 (Pa. 1999). "An 'immediate' interest involves the nature of the causal connection between the action complained of and the injury to the party challenging it." Id. "The requirement of standing is critical because only when parties have sufficient interests in a matter is it ensured that there is a legitimate controversy before the court." In re Hickson, 821 A.2d 1238, 1243 (Pa. 2003). Therefore, before this Court can dispose of the competing Motions for Summary Judgment in the case at hand, this Court must determine if Defendant MERS' has standing to proceed in this matter.

Upon review of the relevant statutory and case law, and the facts of this case, it is clear to this Court that MERS has standing to proceed in this action. First, the mortgage expressly provides that MERS, as mortgagee of

3

record and nominee for the originating lender, has full legal authority to act as a mortgagee. This Court believes this includes the ability to defend against a quiet title action that is seeking to extinguish the mortgage for which MERS serves as the nominee.

Second, the case law clearly demonstrates that MERS has standing. In Mortgage Elec. Registration Systems, Inc. v. Ralich, 982 A.2d 77, 81 (Pa.Super. 2009), as cited by MERS in its brief, the Pennsylvania Superior Court upheld the authority of MERS to foreclose on a property, even though the defendant borrowers in that case objected to MERS' standing. The Court held that the language of the mortgage gave MERS this power. Similarly, in the case at hand, the language of the mortgage gives MERS full legal authority to defend the mortgage.

Further, a number of cases have held that MERS has the authority to assign a mortgage. For example, Deutsch Bank Trust Co. v. Kravitz, 1911 EDA 2013 (Pa. Super. 2014) and Bank of America v. Blair, No. 2011-1433 (C.P. Ct. Crawford Cnty., Pa. Jan 13, 2012) are recent cases that have held that MERS has the authority to act as a mortgagee under Pennsylvania law, even though it was identified by the mortgage as a nominee.

The case law in Pennsylvania recognizes that MERS has the authority to foreclose and assign under mortgage terms that reflect the mortgage in this case. This Court holds that this demonstrates that MERS has the ability to act as a mortgagee and therefore, it is clear the MERS has the ability to defend against a case in which MERS was specifically named, and in which Plaintiff

4

is seeking to extinguish a mortgage in which MERS has an interest. The extinguishment of this mortgage would have an adverse affect on MERS. Therefore, MERS has standing to proceed.

## B. MERS also has Authority to Proceed in this Quiet Title Action even though a Default Judgment was Entered against the Originating Lender.

Plaintiff argues that MERS lacks the authority to proceed in this matter because a default judgment was entered against the originating lender, Decision One. This Court does not agree with Plaintiff, and holds that MERS does have the authority to proceed.

The default judgment against Decision One has no bearing on MERS standing to proceed. The mortgage, by its terms, provides that MERS is the mortgagee, as nominee for Decision One and Decision One's successors and assigns. Any default judgment against Decision One does not affect MERS because MERS holds the Mortgage interest.

Moreover, Plaintiff specifically named MERS as a separate Defendant from Decision One, signifying to this Court that Plaintiff acknowledges that MERS is separate and apart from Decision One and further proving to this Court that a default against Decision One has no effect on MERS' standing. Therefore, Plaintiff's allegation that MERS' cannot proceed due to the default judgment entered against Decision One is without merit.

## C. MERS' Assignment of the Mortgage During the Pendency of the Case at hand does not Extinguish MERS' Authority to Proceed

During the pendency of this quiet title action, on March 1, 2012, MERS assigned the mortgage on the real property in question to Wells Fargo.

5

Plaintiff argues that this assignment to Wells Fargo prevents MERS from defending against Plaintiff's quiet title action. This Court does not agree with Plaintiff, and holds that the assignment does not affect MERS' ability to proceed.

In Ralich, 982 A.2d at 79-81, as cited in MERS' supplement brief regarding standing, the Pennsylvania Superior Court held that MERS had the authority to continue with a sheriff's sale despite an assignment of the mortgage by MERS. This Court holds that Ralich is applicable here. Even though an assignment was made, MERS still maintains the ability to act as a mortgagee, which gives MERS the authority to enforce the loan including the authority to defend against Plaintiff's quiet title claim.

Therefore, this Court holds that MERS' assignment of the mortgage does not extinguish MERS' authority to defend against Plaintiff's quiet title claim.

## D. MERS is entitled to Summary Judgment on Plaintiff's Quiet Title Action

Because this Court held above that MERS has standing and the authority to proceed in this action, this Court must next dispose of the competing Motions for Summary Judgment filed by both Parties.

Summary judgment is proper when the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits demonstrate that there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Pa.R.C.P. 1035.2. In determining whether to

6

grant summary judgment, a trial court must resolve all doubts against the moving party and examine the record in a light most favorable to the non-moving party. Id. Summary judgment may only be granted in cases where it is clear and free from doubt the moving party is entitled to judgment as a matter of law. Id.; Sebelin v. Yamaha Motor Corp., 705 A.2d 904, 907 (Pa. Super. 1998).

A party may bring an action in quiet title:

> (2) where an action of ejectment will not lie, to determine any right, lien, title or interest in the land or determine the validity or discharge of any document, obligation or deed affecting any right, lien, title or interest in land;
>
> (3) to compel an adverse party to file, record, cancel, surrender or satisfy of record, or admit the validity, invalidity or discharge of, any document, obligation or deed affecting any right, lien, title or interest in land; or

Pa.R.C.P. No. 1061

The law in Pennsylvania is clear that a properly recorded mortgage binds a subsequent purchaser of property. 21 Pa. Cons. Stat. Ann. § 357 provides:

> "the legal effect of the recording of such agreements shall be to give constructive notice to subsequent purchasers, mortgagees, and/or judgment creditors of the parties to said agreements of the fact of the granting of such rights or privileges and/or of the execution of said releases, and the rights of the subsequent purchasers, mortgagees, and/or judgment creditors of the parties to said agreements shall be limited thereby with the same force and effect as if said subsequent purchasers, mortgagees, and/or judgment creditors had actually joined in the execution of the agreement or agreements aforesaid."

21 Pa. Cons. Stat. Ann. § 357

7

Plaintiff purchased the real property in question after a mortgage on the property, executed by Kimberly Poplawski to MERS, as nominee for Decision One Mortgage Company, LLC was properly recorded. As such, Plaintiff purchased the property subject to the MERS mortgage and is bound by its terms. MERS has a valid interest in the real property. MERS took the proper steps to defend its interest in the property. Pennsylvania Law is clear that a recorded mortgage binds a subsequent purchaser of property. Therefore, there is no triable issue of fact, Plaintiff's quiet title action is without merit and MERS is entitled to summary judgment.

## IV. CONCLUSION

For the reasons set forth above, it is clear to this Court that MERS has standing and the authority to proceed in this matter. Further, the law is clear that a subsequent purchaser with constructive notice of any prior, properly recorded mortgages at the time of purchase is bound by the mortgage. Because Plaintiff admittedly had notice of MERS' properly recorded mortgage, Plaintiff has no legal basis for its Quiet Title Action and therefore, MERS is entitled to Summary Judgment.

8

Therefore, this Court grants MERS' Motion for Summary Judgment, and denies Plaintiff's Cross Motion for Summary Judgment. Accordingly, Plaintiff's Action to Quiet Title is dismissed with prejudice. An appropriate Order follows.

BY THE COURT:

_____ S.J.

_____
Date

9

| | |
|---|---|
| MARJER, INC. | : IN THE COURT OF COMMON |
| | : PLEAS OF |
| Plaintiff | : LACKAWANNA COUNTY |
| V | : |
| | : |
| | : CIVIL ACTION-LAW |
| | QUIET TITLE ACTION |
| | : |
| KIMBERLY POPLAWSKI, | |
| DECISION ONE MORTGAGE | |
| COMPANY, LLC, | |
| MERS, | |
| Their heirs, executors, administrators, | |
| Assigns and all persons claiming any | |
| Right, title and interest in the land | |
| Described as 624 Boulevard Avenue, | |
| Dickson City, PA, | |
| Lackawanna County, PIN | |
| 12408 040 049 | : |
| | : 2011 CV 5082 |
| Defendants | : |

## OPINION

**SAXTON, S.J.**

## I. INTRODUCTION

The following Opinion addresses this Court's holding regarding the standing and the authority to proceed of Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Decision One Mortgage Company, LLC in the above captioned quiet title action.

## II. FACTUAL/PROCEDURAL HISTORY

On May 13, 2004, Defendant Kimberly Poplawski executed a mortgage ("the Mortgage") with Decision One Mortgage Company, LLC, with MERS acting as Nominee, on real property located at 624 Boulevard Avenue, Dickson City, Pennsylvania ("the Property"). The Mortgage was

1

properly recorded in the Lackawanna County Recorder of Deeds Office in Book 1233, Page 520. MERS is listed as the mortgagee in the terms of the mortgage.

About seven (7) years later, on August 10, 2011, Plaintiff, Marjer, Inc. ("Marjer" or "Plaintiff") purchased the Property from Ms. Poplawski. Shortly thereafter, (about eight days later) on August 18, 2011, Plaintiff filed the instant action seeking quiet title to the Property, alleging that the deed for the property, now in possession of Plaintiff, divested any claims MERS or any Defendant had in the Property. On October 31, 2011, MERS answered Plaintiff's complaint. However, default judgments were entered on November 4, 2011 against Decision One Mortgage Company, LLC and Ms. Poplawski.

MERS requested discovery of Plaintiff, seeking information regarding the basis of their quiet title claim. Plaintiff produced no discovery that the mortgage executed on the property with Decision One Mortgage with MERS as the nominee had been satisfied at the time Plaintiff filed the quiet title action. Therefore, MERS filed a Motion for Summary Judgment on October 9, 2012.

Plaintiff filed a Response to MERS Motion and also filed a Cross-Motion for Summary Judgment on November 21, 2012. After hearing oral argument on the dueling motions, this Court granted MERS' Motion for Summary Judgment by Court Order and Opinion dated March 6, 2013.

Plaintiff appealed this Court's decision to the Superior Court of Pennsylvania. By Opinion and Order dated December 23, 2013, the Superior

2

Court remanded this matter to the Lackawanna County Court of Common Pleas, ordering this Court to consider MERS' standing and authority to proceed in this matter before disposing of the Motions for Summary Judgment. By Court Order dated October 21, 2014, this Court ordered that the Parties were to submit supplemental briefs regarding the afore mentioned issues. By agreement of the Parties, the Parties' relied on their briefs for this Court's decision.

## III. DISCUSSION

### A. MERS has Standing to Proceed in this Quiet Title Action

"A party seeking judicial resolution of a controversy in this Commonwealth must, as a prerequisite, establish that he has standing to maintain the action." Bergdoll v. Kane, 731 A.2d 1261, 1268 (Pa. 1999). "An 'immediate' interest involves the nature of the causal connection between the action complained of and the injury to the party challenging it." Id. "The requirement of standing is critical because only when parties have sufficient interests in a matter is it ensured that there is a legitimate controversy before the court." In re Hickson, 821 A.2d 1238, 1243 (Pa. 2003). Therefore, before this Court can dispose of the competing Motions for Summary Judgment in the case at hand, this Court must determine if Defendant MERS' has standing to proceed in this matter.

Upon review of the relevant statutory and case law, and the facts of this case, it is clear to this Court that MERS has standing to proceed in this action. First, the mortgage expressly provides that MERS, as mortgagee of

3

record and nominee for the originating lender, has full legal authority to act as a mortgagee. This Court believes this includes the ability to defend against a quiet title action that is seeking to extinguish the mortgage for which MERS serves as the nominee.

Second, the case law clearly demonstrates that MERS has standing. In Mortgage Elec. Registration Systems, Inc. v. Ralich, 982 A.2d 77, 81 (Pa.Super. 2009), as cited by MERS in its brief, the Pennsylvania Superior Court upheld the authority of MERS to foreclose on a property, even though the defendant borrowers in that case objected to MERS' standing. The Court held that the language of the mortgage gave MERS this power. Similarly, in the case at hand, the language of the mortgage gives MERS full legal authority to defend the mortgage.

Further, a number of cases have held that MERS has the authority to assign a mortgage. For example, Deutsch Bank Trust Co. v. Kravitz, 1911 EDA 2013 (Pa. Super. 2014) and Bank of America v. Blair, No. 2011-1433 (C.P. Ct. Crawford Cnty., Pa. Jan 13, 2012) are recent cases that have held that MERS has the authority to act as a mortgagee under Pennsylvania law, even though it was identified by the mortgage as a nominee.

The case law in Pennsylvania recognizes that MERS has the authority to foreclose and assign under mortgage terms that reflect the mortgage in this case. This Court holds that this demonstrates that MERS has the ability to act as a mortgagee and therefore, it is clear the MERS has the ability to defend against a case in which MERS was specifically named, and in which Plaintiff

4

is seeking to extinguish a mortgage in which MERS has an interest. The extinguishment of this mortgage would have an adverse affect on MERS. Therefore, MERS has standing to proceed.

## B. MERS also has Authority to Proceed in this Quiet Title Action even though a Default Judgment was Entered against the Originating Lender.

Plaintiff argues that MERS lacks the authority to proceed in this matter because a default judgment was entered against the originating lender, Decision One. This Court does not agree with Plaintiff, and holds that MERS does have the authority to proceed.

The default judgment against Decision One has no bearing on MERS standing to proceed. The mortgage, by its terms, provides that MERS is the mortgagee, as nominee for Decision One and Decision One's successors and assigns. Any default judgment against Decision One does not affect MERS because MERS holds the Mortgage interest.

Moreover, Plaintiff specifically named MERS as a separate Defendant from Decision One, signifying to this Court that Plaintiff acknowledges that MERS is separate and apart from Decision One and further proving to this Court that a default against Decision One has no effect on MERS' standing. Therefore, Plaintiff's allegation that MERS' cannot proceed due to the default judgment entered against Decision One is without merit.

## C. MERS' Assignment of the Mortgage During the Pendency of the Case at hand does not Extinguish MERS' Authority to Proceed

During the pendency of this quiet title action, on March 1, 2012, MERS assigned the mortgage on the real property in question to Wells Fargo.

5

Plaintiff argues that this assignment to Wells Fargo prevents MERS from defending against Plaintiff's quiet title action. This Court does not agree with Plaintiff, and holds that the assignment does not affect MERS' ability to proceed.

In Ralich, 982 A.2d at 79-81, as cited in MERS' supplement brief regarding standing, the Pennsylvania Superior Court held that MERS had the authority to continue with a sheriff's sale despite an assignment of the mortgage by MERS. This Court holds that Ralich is applicable here. Even though an assignment was made, MERS still maintains the ability to act as a mortgagee, which gives MERS the authority to enforce the loan including the authority to defend against Plaintiff's quiet title claim.

Therefore, this Court holds that MERS' assignment of the mortgage does not extinguish MERS' authority to defend against Plaintiff's quiet title claim.

### D. MERS is entitled to Summary Judgment on Plaintiff's Quiet Title Action

Because this Court held above that MERS has standing and the authority to proceed in this action, this Court must next dispose of the competing Motions for Summary Judgment filed by both Parties.

Summary judgment is proper when the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits demonstrate that there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Pa.R.C.P. 1035.2. In determining whether to

6

grant summary judgment, a trial court must resolve all doubts against the moving party and examine the record in a light most favorable to the non-moving party. Id. Summary judgment may only be granted in cases where it is clear and free from doubt the moving party is entitled to judgment as a matter of law. Id.; Sebelin v. Yamaha Motor Corp., 705 A.2d 904, 907 (Pa. Super. 1998).

A party may bring an action in quiet title:

> (2) where an action of ejectment will not lie, to determine any right, lien, title or interest in the land or determine the validity or discharge of any document, obligation or deed affecting any right, lien, title or interest in land;
>
> (3) to compel an adverse party to file, record, cancel, surrender or satisfy of record, or admit the validity, invalidity or discharge of, any document, obligation or deed affecting any right, lien, title or interest in land; or

Pa.R.C.P. No. 1061

The law in Pennsylvania is clear that a properly recorded mortgage binds a subsequent purchaser of property. 21 Pa. Cons. Stat. Ann. § 357 provides:

> "the legal effect of the recording of such agreements shall be to give constructive notice to subsequent purchasers, mortgagees, and/or judgment creditors of the parties to said agreements of the fact of the granting of such rights or privileges and/or of the execution of said releases, and the rights of the subsequent purchasers, mortgagees, and/or judgment creditors of the parties to said agreements shall be limited thereby with the same force and effect as if said subsequent purchasers, mortgagees, and/or judgment creditors had actually joined in the execution of the agreement or agreements aforesaid."

21 Pa. Cons. Stat. Ann. § 357

7

Plaintiff purchased the real property in question after a mortgage on the property, executed by Kimberly Poplawski to MERS, as nominee for Decision One Mortgage Company, LLC was properly recorded. As such, Plaintiff purchased the property subject to the MERS mortgage and is bound by its terms. MERS has a valid interest in the real property. MERS took the proper steps to defend its interest in the property. Pennsylvania Law is clear that a recorded mortgage binds a subsequent purchaser of property. Therefore, there is no triable issue of fact, Plaintiff's quiet title action is without merit and MERS is entitled to summary judgment.

## IV. CONCLUSION

For the reasons set forth above, it is clear to this Court that MERS has standing and the authority to proceed in this matter. Further, the law is clear that a subsequent purchaser with constructive notice of any prior, properly recorded mortgages at the time of purchase is bound by the mortgage. Because Plaintiff admittedly had notice of MERS' properly recorded mortgage, Plaintiff has no legal basis for its Quiet Title Action and therefore, MERS is entitled to Summary Judgment.

Therefore, this Court grants MERS' Motion for Summary Judgment, and denies Plaintiff's Cross Motion for Summary Judgment. Accordingly, Plaintiff's Action to Quiet Title is dismissed with prejudice. An appropriate Order follows.

BY THE COURT:

_____ S.J.

_____
Date

9