J-A22004-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| PAUL D. GUNDER | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOHN R. YOST JR. | |
| Appellant | No. 224 MDA 2016 |

Appeal from the Order Entered January 6, 2016
In the Court of Common Pleas of York County
Civil Division at No(s): 2008-SU-5788-06

BEFORE:  GANTMAN, P.J., PANELLA, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:            **FILED SEPTEMBER 22, 2016**

John Yost appeals from an order denying his petition to set aside a sheriff's sale.  We hold that the trial court properly denied Yost's petition as untimely, and we affirm.

On April 6, 2006, Yost purchased a 47-acre parcel of land ("Parcel") at 6921 Detters Mill Road in York County.  At the time of the purchase, Yost executed and delivered a note to Olivia Goode and Bobby Goode promising to pay the Goodes $100,000.00 on or before June 1, 2008.  The note was secured by a mortgage on the Parcel in which the Goodes were the mortgagees.  In June 2008, Bobby Goode died, leaving Olivia Goode as sole mortgagee.[1]

---

[1] We will refer to Olivia Goode as "Goode".

On November 7, 2008, Yost subdivided the Parcel into five lots and recorded the subdivision plan. Each lot had a separate address on the plan: specifically, 6921 Detters Mill Road, 6881 Detters Mill Road, 3711 Conewago Road, 3861 Conewago Road and 3831 Conewago Road.

In December 2008, Goode filed a mortgage foreclosure action against Yost. On January 12, 2009, Goode entered a default judgment against Yost in the amount of $112,435.50. On April 30, 2009, Goode filed a writ of execution. Shortly thereafter, Yost entered bankruptcy, but it appears that the bankruptcy proceeding concluded later in 2009.

On June 2, 2010, Yost sold 3861 Conewago Road to a third person for $101,743.00 and paid the sales proceeds to Goode.

On December 21, 2012, Goode reissued the writ of execution in the amount of $46,932.00, which consisted of unpaid interest, court costs, attorney fees and principal of several thousand dollars. In February and March 2013, Goode obtained sheriff handbills and advertising which listed the property subject to execution as "6921 Detters Mill Road," but not referring to the other three lots still owned by Yost. The sheriff only posted the property at 6921 Detters Mill Road but not the other three lots.

In March 2013, Paul Gunder, the appellee captioned above, purchased Goode's mortgage and substituted himself as plaintiff in the foreclosure action. In April 2013, Yost filed for bankruptcy again. In June 2013, the Bankruptcy Court granted relief from the automatic stay, permitting the sheriff's sale to proceed.

On June 10, 2013, the sheriff's sale took place, and Gunder purchased the premises for $1,923.58. The sheriff's deed included the entire Parcel except for the lot that Yost sold in 2010 (3861 Conewago Road). On July 29, 2013, Gunder recorded the sheriff's deed.

On June 30, 2014, eleven months after Gunder recorded the sheriff's deed, Yost filed a petition to set aside the sheriff's sale. Gunder filed an answer to the petition, and Yost filed a reply to Gunder's new matter.

In March 2015, Gunder and Yost filed cross-motions for judgment on the pleadings. On January 6, 2016, the court granted Gunder's motion and denied Yost's motion, reasoning that Yost's motion to set aside the sheriff's sale was untimely. Yost filed a timely appeal, and both Yost and the court complied with Pa.R.A.P. 1925.

Yost raises one issue on appeal:

The [court] erred by granting [Gunder]'s motion for judgment on the pleadings where [Yost] pleaded in his petition to set aside sufficient facts (drawing inferences as required in a manner favorable to the non-movant [Yost]) to prove that the sheriff's sale was improperly advertised, that 3 of 4 properties were never advertised by street address or current tax map parcel, that those 3 properties were also never posted as required, and that [Gunder] (a person sophisticated in real estate and a participant in the subdivision of the foreclosed premises) knew of such defects and did nothing to correct them, thus committing fraud upon [Yost] and upon sheriff's sale bidders and the sheriff's sale process, thus meaning [Yost]'s petition to set aside should have been deemed timely and addressed on the merits and [Yost]'s motion for judgment on the pleadings granted instead of denied.

More simply stated, Yost argues that the sheriff's handbills and advertising constitute "fraud", because they fail to mention the three addresses in the Parcel besides 6921 Detters Mill Road. According to Yost, this "fraud" excuses his lack of timeliness and requires us to set aside the sheriff's sale.

Our standard of review is as follows:

> When reviewing a trial court's ruling on a petition to set aside a sheriff's sale, it is recognized that the trial court's ruling is one of discretion, thus a ruling will not be reversed on appeal absent a clear demonstration of an abuse of that discretion....The burden of proving circumstances warranting the exercise of the court's equitable powers is on the petitioner. Courts have entertained petitions and granted relief where the validity of sale proceedings is challenged, or a deficiency pertaining to the notice of sale exists or where misconduct occurs in the bidding process.

*First Union National Bank v. Estate of Shevlin*, 897 A.2d 1241, 1246 (Pa.Super.2006).

We have held multiple times that trial courts have the discretion to deny petitions to set aside sheriff's sale for lack of timeliness. *See*, *e.g.*, *First Union*, *supra*; *Mortgage Electronic Recording Systems v. Ralich*, 982 A.2d 77, 80 (Pa.Super.2008). Following these precedents, we hold that the trial court acted within its discretion by denying Yost's petition to set aside the sheriff's sale as untimely under the applicable Rules of Civil Procedure and statute of limitations.

Pa.R.Civ.P. 3132 provides: "Upon petition of any party in interest *before delivery* of the personal property or *of the sheriff's deed to real*

*property*, the court may, upon proper cause shown, set aside the sale and order a resale or enter any other order which may be just and proper under the circumstances." [Emphasis added]

In addition, Pa.R.Civ.P. 3135 provides in relevant part:

(a) When real property is sold in execution and no petition to set aside the sale has been filed, the sheriff, at the expiration of twenty days but no later than 40 days after either the filing of the schedule of distribution or the execution sale if no schedule of distribution need be filed, shall execute and acknowledge before the prothonotary a deed to the property sold. The sheriff shall forthwith deliver the deed to the appropriate officers for recording and for registry if required. Confirmation of the sale by the court shall not be required.

*Id.* (emphasis added). "Taken together, Rule 3132 and 3135(a) make clear a party must raise a challenge to a sheriff's sale within a period of time after the sale, but before the deed is delivered." ***Mortgage Electronic Recording Systems***, 982 A.2d at 80. "There is an exception to this time bar, however. A sheriff's sale may be set aside after delivery of the sheriff's deed based on fraud or lack of authority to make the sale." ***Id***.

Yost's petition to set aside the sheriff's sale is untimely under Rules 3132 and 3135. These rules require the sheriff to wait twenty days after the sheriff's sale before delivering the deed for recording. The purpose of this waiting period is to give any interested person the opportunity to contest the sale. Yost, however, failed to file his petition prior to the sheriff's delivery of the deed; indeed, he waited almost another year before filing his petition.

Yost's petition is also untimely under 42 Pa.C.S. § 5522(b)(5), which provides: "The following actions and proceedings must be commenced within six months: … An action or proceeding to set aside a judicial sale of property." Once again, Yost failed to file his petition until more than one year after the sale (and almost one year after the deed was recorded).

Yost attempts to evade these time limitations by claiming "fraud" due to the absence of handbills and advertising relating to the three lots other than 6921 Detters Mill Road. Yost relies on 42 Pa.C.S. § 5504, which provides: "The time limited by this chapter may be extended to relieve fraud or its equivalent, but there shall be no extension of time as a matter of indulgence or with respect to any criminal proceeding."

Yost's argument is devoid of merit. It seems rather much to label the failure to create handbills and advertising for the other three lots as "fraud"; it probably was a mere oversight. But even if we call it fraud, Yost knew or should have known about the fraud on the date the deed was recorded, July 29, 2013. The purpose of recording statutes such as 21 P.S. § 351, the statute that requires recording of deeds, is to give constructive notice to the world of the person or entity who holds title in a particular piece of land. *See Salter v. Reed*, 15 Pa. 260, 263 (1850) (purpose of recording statute "is to give public notice in whom the title resides; so that no one may be defrauded by deceptious appearance of title"); *see also In re Fisher*, 320 B.R. 52, 63 (E.D.Pa.2005) (citing *Salter*). Under the recording statute, Yost

was on constructive notice of the sheriff's deed on the date of recording, July 29, 2013, yet he did nothing about it for another 11 months.  Viewed in this light, his petition to set aside the sheriff's sale (like his two bankruptcies) appears to be a ploy to frustrate execution of the foreclosure judgment against him.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/22/2016