J-A03035-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| OCWEN LOAN SERVICING, LLC, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| GHEORGHE FILIMON AND RODICA FILIMON | |
| APPEAL OF: GHEORGHE FILIMON | No. 1605 EDA 2017 |

Appeal from the Order Dated April 20, 2017
in the Court of Common Pleas of Wayne County
Civil Division at No.: 596-CIVIL-2010

BEFORE: GANTMAN, P.J., McLAUGHLIN, J., and PLATT, J.[*]

JUDGMENT ORDER BY PLATT, J.:         **FILED FEBRUARY 01, 2018**

Appellant, Gheorghe Filimon, appeals *pro se* from the trial court's order denying his motion to vacate the sheriff's sale as untimely. We affirm.

We take an abbreviated factual and procedural history in this matter from our review of the certified record. A complaint in mortgage foreclosure was filed on July 15, 2010. On August 16, 2013, judgment was entered in favor of Appellee, Ocwen Loan Servicing, LLC, and against Appellant and

_____

[*] Retired Senior Judge assigned to the Superior Court.

Rodica Filimon. On May 4, 2016,[1] the property was sold at sheriff's sale. The sheriff's deed was recorded in Wayne County on September 12, 2016. Appellant filed a motion to vacate sheriff's sale on September 15, 2016. The trial court heard argument on the motion to vacate on March 1, 2017, and on April 20, 2017, denied the motion as untimely. This appeal followed.

The trial court concludes that the motion to vacate was untimely. (**See** Trial Court Opinion and Order, 4/20/17, at 1-3). We agree.

We review the denial of a motion to set aside a sheriff's sale for an abuse of discretion. **See Irwin Union Nat. Bank & Tr. Co. v. Famous**, 4 A.3d 1099, 1102 (Pa. Super. 2010), *appeal denied*, 20 A.3d 1212 (Pa. 2011). Only when a party proves that a sheriff's sale was based on fraud, may the trial court grant a motion to set aside a sheriff's sale that was filed after the sheriff's delivery of the deed. **See Mortg. Elec. Registration Sys., Inc. v. Ralich**, 982 A.2d 77, 79-80 (Pa. Super. 2009), *appeal denied*, 992 A.2d 889 (Pa. 2010) (citation omitted). A trial court may not set aside a sale based on allegations of procedural deficiencies. **See id.**

Here, the sheriff's delivery of the deed occurred on September 12, 2016, and Appellant filed his motion to vacate sale on September 15, 2016. Thus, unless Appellant proved that the sheriff's sale was based on fraud, his motion was untimely. **See id.**

---

[1] The sheriff's sale was originally scheduled for February 24, 2016, but was continued until April 27, 2016, and continued again until May 4, 2016. (**See** N.T. Hearing, 3/01/17, at 4).

Appellant argues that the sale was based on fraud because he did not receive notice of his rights prior to commencement of the sheriff's sale. (**See** Motion to Vacate Sheriff Sale, 9/15/16, at unnumbered pages 1-2). However, as the trial court noted, the record reflects that, on April 12, 2016, Appellant received notice of the continued sale date. (**See** Notice of the Date of Continued Sheriff's Sale, 4/12/16; **see also** Certificate of Service, 4/13/16). Although the notice contained a spelling error in Appellant's name,[2] the error was not fraudulent, and the court could not vacate the sheriff's sale based on procedural deficiencies. (**See** Trial Ct. Op., at 2).

Upon review, we conclude that the trial court did not abuse its discretion when it denied Appellant's motion. We agree that Appellant did not prove that the sheriff's sale was based on fraud; therefore, Appellant's motion, filed after the sheriff's deed was recorded, was properly denied as untimely. **See Mortg. Elec. Registration Sys., Inc.**, **supra** at 79-80.

Order affirmed. Case is stricken from the argument list.

---

[2] Notice of the continuance was served upon "Gheorge Filimon" and "Rodica Filimon" on April 12, 2016. (**See** Certificate of Service, 4/13/16). The address at which service was made corresponds with Appellant's address on the docket.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/1/18