J-A29007-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| PETER LAX | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DORIAN WESTBROOK AND | : | |
| TEAUNTAY WESTBROOK | : | |
| | : | No. 2684 EDA 2017 |
| | : | |
| APPEAL OF: DORIAN WESTBROOK | : | |

Appeal from the Order Entered July 21, 2017
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s):  December Term, 2012 No. 0945

BEFORE:   OTT, J., DUBOW, J., and STEVENS*, P.J.E.

JUDGMENT ORDER BY OTT, J.:              **FILED JANUARY 07, 2019**

Dorian Westbrook appeals the order entered on July 21, 2017, in the Court of Common Pleas of Philadelphia County, denying his motion to set aside sheriff's sale.  In this timely appeal, Westbrook raises one issue, specifically that the trial court erred as a matter of law in determining legally compliant notice of the postponed date of the sheriff's sale had been received.  Because Westbrook failed to preserve this issue by filing a timely motion to set aside the sheriff's sale, the issue has been waived.

The sheriff's sale of the property in question was initially scheduled for December 9, 2017.  That sale was postponed to April 4, 2017.  There is no allegation that Westbrook did not receive proper notice of the initial date of the sheriff's sale of the property at issue.  Rather, he claims Peter Lax served

_____

* Former Justice specially assigned to the Superior Court.

notice of the postponed date of sale only by regular mail, thereby violating the requirements of Pa.R.C.P. 3129.1 and 3129.2.

Pennsylvania Rule of Civil Procedure 3132, regarding setting aside a sheriff's sale, states in relevant part, "[u]pon petition of any party in interest **before delivery of** … **the sheriff's deed to real property**, the court may … set aside the sale…" (emphasis added). Here, the sheriff's deed was delivered on May 12, 2017. **See** Exhibit D, Sheriff's Deed. The motion to set aside the sale was not filed until May 15, 2017 – three days late. **See also Mortgage Electronic Registrations Systems, Inc. v. Ralich**, 982 A.2d 77, 80 (Pa. Super. 2009) ("[A] party must raise a challenge to a sheriff's sale within a period of time after the sale, but **before the deed is delivered"**) (emphasis added). Because the motion was not filed in a timely fashion, the trial court properly determined the issue was not properly preserved.

We also note that the relevant Rule of Civil Procedure governing notice of a postponed sheriff's sale is Pa.R.C.P. 3129.3, which does not require new notice as provided in Rule 3129.2 as long the new date of sale is within 130 days of the initial date of sale. Additionally, the continuance must be to a date certain and announced publically at the initial sale. There is no contention that this rule was not followed. Additionally the docket reflects notice of the continued date was filed with the prothonotary in a timely manner, along with a certificate of filing. **See** Pa.R.C.P. 3129.3(2)(i)(A)(B).

Finally, even if the requirements of Rule 3129.3 had not been met, the rule mandates any challenge to non-compliance with the rules of notice be

filed prior to the delivery of the sheriff's deed. **See** Pa.R.C.P. 3129.3(2)(ii). As previously noted, Westbrook's motion was not filed until three days after delivery of the sheriff's deed.

As the sole issue raised on appeal has been waived, we affirm the order of July 21, 2017.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/7/19