J. S14032/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION (TRUSTEE FOR THE PENNSYLVANIA HOUSING FINANCE AGENCY) | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : | |
| JOE HOLMES, | : | No. 2289 EDA 2019 |
| Appellant | : : | |

Appeal from the Order Dated June 20, 2019,
in the Court of Common Pleas of Philadelphia County
Civil Division at No. 150802640

BEFORE:  BOWES, J., KING, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED JULY 28, 2020**

Joe Holmes ("Homeowner") appeals ***pro se***[1] from the June 20, 2019 order entered in the Court of Common Pleas of Philadelphia County which denied Homeowner's miscellaneous motion for relief.  We affirm.

The relevant procedural history, as gleaned from the certified record and the trial court's Rule 1925(a) opinion, is as follows:  On August 21, 2015, U.S. Bank National Association (Trustee for the Pennsylvania Housing Finance Agency) ("Bank") filed a complaint in mortgage foreclosure against Homeowner.  On November 24, 2015, Homeowner filed an answer. Thereafter, on March 23, 2017, Bank filed a motion for summary judgment.

---

[1] The record reflects that Homeowner also proceeded ***pro se*** in the trial court.

Homeowner failed to file a response. On April 26, 2017, the trial court granted Bank's motion and ordered Homeowner's property be sold at sheriff's sale.[2] Homeowner did not appeal. Rather, on April 28, 2017, Homeowner filed a motion for reconsideration,[3] which was denied by the trial court on May 30, 2017. Homeowner then appealed. On September 6, 2017, this court quashed Homeowner's appeal as untimely. *See U.S. Bank Nat'l Ass'n. (Trustee for the Pennsylvania Housing Finance Agency) v. Holmes*, No. 1978 EDA 2017, *per curiam* order (Pa.Super. filed September 6, 2017). On September 12, 2017, Homeowner's property was sold at sheriff's sale. The sheriff delivered the deed on October 27, 2017. Homeowner did not seek to set aside the sheriff's sale.

On February 26, 2018, Homeowner filed a "petition to vacate & void [*ab initio*] the civil procedural default summary judgment." (Capitalization omitted.) The motion was denied by the trial court on April 3, 2018. Homeowner did not appeal. On May 17, 2019, Homeowner filed a "miscellaneous motion for relief from sheriff's sale and deed, and to vacate

---

[2] The trial court assessed damages at $197,581.34 plus interest.

[3] Although Homeowner titled his filing a "motion for reconsideration," a review of the motion reveals that Homeowner actually sought permission to file an untimely response to Bank's motion for summary judgment, objected to the complaint in mortgage foreclosure, and included a brief in support of those objections.

praecipe of writ and summary judgment."[4] (Capitalization omitted.) The trial court denied this motion on June 20, 2019. Homeowner timely appealed. The trial court did not order Homeowner to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The trial court, however, filed a Rule 1925(a) opinion on August 20, 2019.

Homeowner raises the following issues:

1. Were [a]ppellant's rights violated by the trial court upon ignoring appellant's claim that the mortgage loan in dispute is void as to appellant who was and remains illiterate and incompetent upon his execution of the mortgage loan and modification instruments in dispute?

2. Were [a]ppellant's procedural due process rights under Pa.R.Civ.P. 2002 violated because [a]ppellee was never a real party in interest?

3. Were [a]ppellant's rights under Pennsylvania's uniform commercial code violated upon the note instrument submitted in support of summary judgment failing to display an [e]ndorsement paid to the order of [a]ppellee or in blank pursuant to 13 Pa.C.S.A. §§ 3204 and 3205 (respectively)?

4. Were [a]ppellant's rights under sections 6(b) and 9(d) of the note [and] mortgage in dispute violated and denied upon [a]ppellee commencing the foreclosure action below without complying with sections 6(b) and 9(d) of the note [and] mortgage (respectively) and as required by 24 [C.F.R.] §§ 203.604, 203.605, and 203.606?

---

[4] The motion's title further states: "and dismissal pursuant to 42 Pa.C.S.A. §§ 5504(B), 5505 and Pa.R.C.P. 3132, 227.1, 208.3, and the court's inherent power." (Capitalization omitted.)

5.      Were [a]ppellant's due process rights violated upon [a]ttorneys KLM as officers of the court engaging in fraud upon the court, tampering with and fabricating evidence?

Appellant's brief at 3-4.

The trial court determined that Homeowner's "miscellaneous motion," filed May 17, 2019, was in the nature of a

petition to (1) strike and/or open the April 26, 2017 order granting summary judgment in favor of Bank and against Homeowner; (2) vacate the June 7, 2017 writ of execution; and (3) set aside the Sheriff's sale and deed (the "petition").

Trial court opinion, 8/20/19 at 1 (extraneous capitalization omitted).

The trial court determined that its order of April 26, 2017, granting Bank's motion for summary judgment became a final order on May 26, 2017, from which Homeowner failed to timely appeal. (***Id.*** at 3.) Further, the trial court found Homeowner failed to demonstrate "extrinsic fraud, lack of jurisdiction over the subject matter, a fatal defect apparent on the face of the record or some other evidence of extraordinary cause justifying intervention by the court." ***Id.*** at 2-3 (numbers omitted), citing ***Manufacturers and Traders Trust Co. v. Greenville Gastroenterology, SC***, 108 A.3d 913, 918-919 (Pa.Super. 2015).

With respect to the sheriff's sale and deed, the trial court found Homeowner's "petition" was untimely as it was not filed until more than one and one-half years after the sheriff's deed was delivered and Homeowner did not establish that the deed was based on fraud or lack of authority to make

the sale. ***See Mortgage Elec. Registration Sys., Inc. v. Ralich***, 982 A.2d 77, 80 (Pa.Super. 2009), ***appeal denied***, 992 A.2d 889 (Pa. 2010).

After careful review, we find that the trial court's August 20, 2019 Rule 1925(a) opinion ably and comprehensively disposes of all issues raised on appeal. The trial court's findings are amply supported by the record, and its conclusions are without legal error. We, therefore, affirm on the basis of that opinion.

Order affirmed.

Judgment Entered.

JosephD.Seletyn,Esq.
Prothonotary

Date: 7/28/2020