J-A20032-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| MERIDIAN BANK | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ELVERTA WASHINGTON SQUARE, | : | |
| LLC | : | |
| | : | No. 2241 EDA 2023 |
| Appellant | | |

Appeal from the Order Entered August 15, 2023
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  210702006

BEFORE:  LAZARUS, P.J., PANELLA, P.J.E., and DUBOW, J.

MEMORANDUM BY DUBOW, J.:                    **FILED DECEMBER 20, 2024**

Appellant, Elverta Washington Square, LLC ("Elverta"), appeals from the August 15, 2023 order entered in the Philadelphia County Court of Common Pleas denying its petition to "Vacate the Default Judgment, Vacate the Conformed/Confessed Judgment, Set Aside the Sheriff's Sale, and Void the Sheriff's Deed."  After careful review, we affirm.

The relevant facts and procedural history are as follows.  Elverta owned a condominium unit at 210 West Washington Square in Philadelphia ("Condo"), on which Mid Penn Bank ("Mid Penn") initially held a first lien mortgage.

SPM Holdings Trust ("SPM") is a Nevada Spendthrift Trust, which owns Elverta as one of its assets.  To pay off Mid Penn's Mortgage on the Condo, on September 13, 2019, SPM borrowed $1,760,000 from Meridian Bank

("Meridian") and entered into various agreements with Meridian ("Loan Agreement"). SPM then paid this amount to Mid Penn and Mid Penn's mortgage on the Condo was satisfied and released.

As part of the Loan Agreement, SPM executed a note in favor of Meridian ("SPM Note"). Before executing the SPM Note, the trustees of SPM adopted a resolution that authorized the loan and SPM Note, specifically noting that the SPM Note is "approved and that any Trustee is hereby authorized, empowered and directed, in the name and on behalf of the Trust, to execute and deliver the Loan Documents[.]" Resolution, 9/13/19, at 1 (unpaginated). Pursuant to this authority, Kenneth Bjorkelo ("Bjorkelo"), Investment Trustee, executed the SPM Note.

The Loan Agreement also included an agreement between Meridian and Elverta, as the owner of the Condo. Elverta agreed to grant Meridian a mortgage on the Condo and guarantee SPM's obligations pursuant to the SPM Note ("Surety Agreement"). The Surety Agreement included a confession of judgment provision and, important to our analysis of the issues raised in this appeal, a provision in which Elverta agreed to be independently obligated to repay the loan even if the SPM Note were found to be invalid or unenforceable. In particular, the Surety Agreement provides:

> The surety . . . is an absolute and unconditional, primary, direct, continuing, and immediate guarantee of payment and not of collectability and shall be valid and **binding upon the Surety [Elverta] regardless of any invalidity, irregularity, defect, or unenforceability of any provision of or in the Note or Loan Documents or any other obligation of agreement of**

**the Borrower [SPM] or the Surety [Elverta] in favor of the Bank [Meridian]. . . .**

Surety Agreement, 9/13/19, at § 3(d) (emphasis added).

Also relevant to the instant appeal, the Surety Agreement contains a provision in which Elverta agreed to waive personal service of process and agreed, *inter alia*, that

> a summons and complaint commencing an action or proceeding in any [court of the Commonwealth] **shall be properly served** and shall confer personal jurisdiction **if served by registered or certified mail** to the address set forth above, as such address may be changed from time to time by written notice to [Meridian] from [Elverta].

*Id.* at ¶ 4 (emphasis added). The "address set forth above" in the Surety Agreement was 8 The Green, Suite 4750, Dover DE 19901.

The Surety Agreement also contains a provision in which Elverta agreed to waive prior notice of entry of a judgment. It provided that Elverta

> acknowledges that a judgment may be obtained against [Elverta] **without notice and without an opportunity to be heard**. By signing this agreement, [Elverta] is acknowledging that [it] understands that [it] is **waiving certain constitutional rights to notice** and a hearing before judgment may be confessed.

Surety Agreement at ¶ 7 (emphasis added).

On October 8, 2019, Elverta notified Meridian's account services department of its new address at 2803 Philadelphia Pike, Claymont, DE, 19703. Meridian acknowledged receiving this change of address and subsequently mailed Elverta's bank account statements to the new address.

- 3 -

Meridian did not, however, mail Meridian's mortgage statements for the Condo to the new address.[1]

**Confession of Judgment Action**

In May 2021, SPM ceased making loan payments to Meridian, which triggered Elverta's obligation to make the loan payments. Elverta then also failed to make payments to Meridian. Thus, on July 23, 2021, Meridian initiated the instant action by filing a complaint in confession of judgment against Elverta for payment of $1,832,316.97. Meridian attached to the complaint a "Certificate of Service of 2958.1[2] Notice" and receipts evidencing that, on July 28, 2021, Meridian had served, by certified mail—as prescribed in the Surety Agreement—Elverta's registered corporate agent in its state of incorporation—New York—and Elverta at the Dover, DE, address listed in the Surety Agreement with the complaint in confession of judgment. Elverta did not file timely a petition to open and/or strike the confessed judgment.

_____

[1] Because Meridian is a large institution with separate account services and lending departments, address changes for bank accounts are not also applied to the loan administration department. Therefore, the Loan Agreement requires a separate notice of a change of address to the lending side of Meridian. *See* Loan Agreement, 9/13/19, at ¶ 53 (requiring Elverta to provide notice in writing of a change in address to Meridian Bank, Attn: Mary Ann Messmer, Senior Vice President, 653 Skippack Pike, Suite 200, Blue Bell, PA). Elverta does not dispute that it failed to provide notice of the change of address to the loan side of Meridian.

[2] Rule 2958.1, titled "Notice Served Prior to Execution," requires the party confessing judgment to provide written notice to the defendant at least 30 days prior to filing a *praecipe* for a writ of execution. *See* Pa.R.Civ.P. 2958.1.

On January 14, 2022, Meridian initiated a separate action against Elverta seeking to conform the judgment confessed in the instant action pursuant to Pa.R.Civ.P. 2986[3] ("Conformance Action"). Elverta failed to respond, Meridian filed the appropriate *praecipe*, and on March 8, 2022, the Prothonotary entered a default judgment in the Conformance Action against Elverta for $1,885.026.97.

On May 23, 2022, the trial court merged the Conformance Action with the instant action and, three days later, updated the instant action to reflect the merger of the judgments.

Meridian subsequently assigned the confessed judgment to Apex Realty LLC ("Apex"). Apex filed the appropriate *praecipe* with the Prothonotary and, on July 14, 2022, Apex, based on the confessed judgment, issued a writ of execution for the Condo.

Apex then initiated sheriff's sale proceedings. The sheriff scheduled a sale of the Condo for October 4, 2022.

Following a request by non-party Arezzo Sky Capital, LTD ("Arezzo"), the sheriff postponed the sheriff's sale. The sale ultimately took place on December 6, 2022, where Apex purchased the Condo for a credit bid equal to the highest third party bid of $1,500,000.

_____

[3] Rule 2986 provides that "[j]udgment shall be entered in the action for the amount, if any, due the plaintiff from the defendant or the amount, if any, due the defendant from the plaintiff. That judgment shall merge with the confessed judgment."

- 5 -

**Petition to Strike or Open Judgments and Set Aside Sheriff's Sale**

More than seven months later, on July 18, 2023, Elverta filed its "Petition to Vacate the Default Judgment, Vacate the Conformed/Confessed Judgment, Set Aside the Sheriff's Sale, and Void the Sheriff's Deed" ("Petition"). In the Petition, Elverta alleged that Meridian had violated Elverta's due process rights by using Elverta's prior mailing address when attempting to serve it and the other interested parties[4] with any filings and notices pertaining to the Conformance Action, the confessed judgment, and the sheriff's sale. Elverta also claimed that Meridian had failed to post handbills at the property pursuant to Pa.R.Civ.P. 3129.2. Elverta asserted that the sheriff lacked the authority to conduct the sale because of "fatal defects on the record related to jurisdiction and violations of due process rights that cause[d] the default judgment against [Elverta] and all that follow[ed] to be void as a matter of law." Petition, 7/18/23, at ¶ 9 (emphasis omitted). Elverta, thus, concluded that the default judgment and the conformed confessed judgment were void *ab initio*, the sheriff's sale was a nullity, and both should be stricken.

On August 7, 2023, Meridian and Apex jointly filed an answer to Elverta's petition with new matter in which they asserted that Elverta's petition was

---

[4] According to Elverta, the "interested parties" are Elverta; SPM; Nevada Trust Company, a corporation that is a trustee of SPM and the legal owner of the Condo; Mark Stiffler, the named beneficiary of SPM; and the occupants of the Condo, who were in possession of the property until Meridian locked them out in May 2023. Petition, 7/18/23, at ¶ 3.

untimely, and the court had already rejected Elverta's substantive legal challenges regarding the loan documents, judgment, and the validity of the sheriff's sale.[5]  In support of its claim that Elverta's petition was untimely, Meridian asserted that it had properly served Elverta more than two years earlier with all relevant pleadings in the manner and at the address to which Elverta had agreed to receive service.  Meridian also relied on the provision in the Surety Agreement in which Elverta agreed that Meridian did not need to provide notice of confession of judgment and highlighted that Elverta's counsel had entered his appearance in this matter in May 2023, yet waited approximately two additional months before filing the instant petition.

On August 15, 2023, the trial court denied Elverta's petition as untimely. The court found that Meridian properly served Elverta with the complaints in confession of judgment and for money damages, the notice of entry of default judgment, the writs of execution, and the notice of sheriff sale.  Order, 8/15/23, at 1 n.1.  The court also found that, even if Elverta had convinced the court that Meridian had not properly served Elverta, the petition would still

_____

[5] On July 17, 2023, in response to a petition to set aside the sheriff's sale and exceptions to the sheriff's proposed schedule of distribution filed by Arezzo, the trial court entered an order denying Arezzo relief.  On November 6, 2024, this Court affirmed the order denying Arezzo's request for relief.  **_See Meridian Bank v. Elverta Washington Square, LLC_**, No. 2242 EDA 2023 (Pa. Super. filed Nov. 6, 2024) (non-precedential decision).

be untimely because of Elverta's counsel's delay of approximately two months in filing it.[6, 7]

Elverta timely appealed and raises the following issues:[8]

1. Whether Meridian's omissions from its Rule 3129.1 affidavit of the legal, beneficial, and equitable owners of the property deprived the sheriff of authority to conduct the sale against their interests, rendering it void?

2. Whether Meridian's intentional omissions of known interested parties from its Rule 3129.1 affidavit constituted fraud on the court?

3. Whether the sheriff lacked authority and the sale is void *ab initio* for lack of notice to the Trust, trustees, named beneficiary, and nominee as owners?

4. Whether the sheriff's sale must be set aside because the occupants and beneficiaries were not provided notice by handbills posted on the property per Rule 3129.2(b)?

5. Whether the sheriff's sale must be set aside because Meridian failed to provide constitutionally required notice of the sale to Elverta as surety?

6. Whether the sheriff's sale must be set aside for lack of notice to the Trust and trustees, even if judgments against Elverta as surety are upheld?

7. Whether Meridian's failure to serve Elverta with notice of the confessed judgment under Rule 2958.1 made Elverta's petition to vacate timely?

_____

[6] Elverta's current counsel entered his appearance on May 16, 2023.

[7] In addition, the trial court found that Elverta's petition "fail[ed] on the merits and adopt[ed] and incorporate[ed] [] its Order and Opinion dated July 17, 2023[,] denying the Petition to Set Aside the Sheriff Sale and the Exceptions to the Scheduled Distributions" filed by Arezzo. Order, 8/15/23, at 1 n.1.

[8] The trial court did not order Elverta to file a Pa.R.A.P. 1925(b) statement and did not file a Rule 1925(a) opinion.

8. Whether Elverta was not provided proper service of the original process, depriving the court of jurisdiction and rendering the judgments void?

9. Whether the sheriff lacked authority to sell the property because Elverta as surety did not own it, rendering the underlying judgments invalid?

Elverta's Brief at 4-9 (duplicative issue omitted).

\*

A petition to strike a judgment presents a question of law, and our standard of review is *de novo*. ***U.S. Bank Nat'l Ass'n v. Watters***, 163 A.3d 1019, 1028 n.9 (Pa. Super. 2017); ***Resolution Trust Corp. v. Copley Qu-Wayne Assoc***, 683 A.2d 269, 274 n.6 (Pa. 1996). "A petition to strike does not involve the discretion of the court." ***Wells Fargo Bank, N.A. v. Lupori***, 8 A.3d 919, 920 (Pa. Super. 2010) (citation omitted). A motion to strike "is not a chance to review the merits of the allegations of a complaint." ***Oswald v. WB Pub. Square Assocs., LLC***, 80 A.3d 790, 794 (Pa. Super. 2013) (citation omitted). Rather, a motion to strike a judgment "is the remedy sought by one who complains of fatal irregularities appearing on the face of the record." ***U.S. Bank Nat'l Ass'n***, 163 A.3d at 1028 (citation omitted). A petition to strike a judgment "is aimed at defects that affect the validity of the judgment" itself and must be granted when a "fatal defect appears on the face of the record." ***Oswald***, 80 A.3d at 793-94 (citation omitted). "[W]here a fatal defect or irregularity is apparent from the face of the record, the prothonotary will be held to have lacked the authority to enter default

judgment and the default judgment will be considered void." ***US Bank N.A. v. Mallory***, 982 A.2d 986, 991 (Pa. Super. 2009).

We review the denial of a motion to set aside a sheriff's sale for an abuse of discretion. ***See Irwin Union Nat'l. Bank and Trust Co. v. Famous***, 4 A.3d 1099, 1102 (Pa. Super. 2010). "[T]he relevant inquiry is whether proper cause has been shown to set aside the sheriff's sale." ***Id.***; ***see also*** Pa.R.C.P. No. 3132. The burden of establishing proper cause lies with the petitioner. ***See Irwin Union Nat'l. Bank and Trust Co.***, 4 A.3d at 1102. "Sheriff's sales have been set aside where the validity of the sale proceedings is challenged, a deficiency pertaining to the notice of the sale exists, or where misconduct occurs in the bidding process." ***Id.***

"A petition to set aside a sheriff's sale may only be granted when the petition is filed before the sheriff's delivery of the deed." ***Mortgage Elec. Registration Sys., Inc. v. Ralich***, 982 A.2d 77, 79 (Pa. Super. 2009) (citation omitted). There is, however, an exception to the time bar. ***Id.*** at 80. Under this exception, a trial court may set aside a sheriff's sale after delivery of the sheriff's deed "based on fraud or lack of authority to make the sale." ***Id.***

\*

In its first issue, Elverta claims that the trial court erred in rejecting its claim that the sheriff lacked authority to conduct the sale of the Condo due to Meridian's alleged omissions from its Rule 3129.1 affidavit of the legal, beneficial, and equitable owners of the Condo. Elverta's Brief at 22-25.

"The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority." ***Eichman v. McKeon***, 824 A.2d 305, 319 (Pa. Super. 2003) (citations omitted); ***see*** Pa.R.A.P. 2111 and Pa.R.A.P. 2119 (listing argument requirements for appellate briefs). "When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a [c]ourt will not consider the merits thereof." ***Branch Banking and Trust. v. Gesiorski***, 904 A.2d 939, 942-43 (Pa. Super. 2006) (citation omitted); ***see*** Pa.R.A.P. 2101 (explaining that substantial briefing defects may result in dismissal of appeal).

Instantly, Elverta has failed to develop this issue with citation to controlling case law, as required by our Rules of Appellate Procedure. Elverta's failure to develop this issue with citation to and discussion of relevant authority has precluded our ability to conduct meaningful appellate review of this issue. Accordingly, this issue is waived.

\*

In its second issue, Elverta claims that the trial court should have set aside the sheriff's sale because Meridian's intentional omissions of known interested parties from the Rule 3129.1 affidavit constituted fraud on the court. Elverta's Brief at 26-27. Elverta has again failed to develop this issue

with citation to[9] and discussion of relevant case law. We are, therefore, unable to conduct meaningful appellate review of this issue and we, thus, find it waived.

\*

Elverta's next four issues challenge the trial court's denial of its petition to set aside the sheriff's sale. In particular, Elverta asserts that the trial court erroneously concluded that, notwithstanding the alleged lack of notice of the sale to the trust, trustees, named beneficiary, and nominee, and Meridian's failure to provide notice by posting handbills, the sheriff had authority to conduct the sale. *Id.* at 28-39, 51-58.

We note at the outset that Elverta has not cited to any authority supporting its claim that Meridian had an obligation to notify any party other than Elverta of the sheriff's sale. Furthermore, and critically, we observe that Elverta acknowledged when entering into the Surety Agreement that Meridian could obtain judgment against it "without notice and without an opportunity to be heard" and that it understood that, by entering into the Surety Agreement that it was "waiving certain constitutional rights to a notice and a hearing before judgment may be confessed." Surety Agreement at ¶ 7. Accordingly, Elverta's claims that the sheriff lacked authority to conduct the

---

[9] Elverta provided citation, albeit incomplete, to two cases, "***Mennonite Board***, 462 U.S. 791," and "***RTC Mortg. Tr.***, 566 Pa. at 607," but did not set forth the facts, provide any analysis of the holdings, or apply them to the instant case. Elverta's Brief at 27.

sheriff's sale because Meridian allegedly failed to provide Elverta notice garners no relief.

\*

In its seventh issue, Elverta claims that the court erred in denying the petition to set aside the sheriff's sale because Meridian intentionally omitted listing Elverta's correct address when it provided notice of the sheriff's sale. Elverta's Brief at 35-37.

The record reflects that Meridian served notice of the sheriff's sale to Elverta, pursuant to Rule 3129.1, by certified mail to 8 The Green, Suite 4750, Dover DE 19901, which was the address listed in the Surety Agreement. The Surety Agreement also provided that if Elverta wished to change its address, it was required to provide written notice to its loan contact at Meridian—Mary Ann Messmer, Senior Vice President, 653 Skippack Pike, Suite 200, Blue Bell, PA, 19422. It is undisputed that Elverta did not provide such notice to Ms. Messmer. Accordingly, Meridian provided proper notice of the sheriff's sale to Elverta at its Dover, DE address, and Elverta's claim otherwise lacks merit.

\*

In its final two issues, Elverta claims that: (1) the judgments against it are void because Meridian did not provide it with proper service of original process; and (2) because it did not own the property sold by the sheriff, the underlying judgments are invalid, and the sheriff lacked the authority to sell the property. Elverta's Brief at 59-63. Elverta has not, however, developed

its arguments in support of these claims with citation to any controlling authority. We, therefore, find these issues waived.

*

In sum, having found each of Elverta's issues either waived or lacking merit, we affirm the order of the trial court denying Elverta's petition to "Vacate the Default Judgment, Vacate the Conformed/Confessed Judgment, Set Aside the Sheriff's Sale, and Void the Sheriff's Deed."

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/20/2024